# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

**v.**                                         **Criminal Case No: 1:14-cr-92**

**CONNIE S. COLE,**
    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION
## REGARDING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Connie S. Cole, in person and by counsel, Jessie Reckart, appeared before me on January 26, 2015. The Government appeared by Andrew Cogar, its Assistant United States Attorney. The Court determined that Defendant would enter a plea of "Guilty" to a one-count Information.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that a prior agreement did not include language regarding Defendant's intention to file a motion for a downward departure with respect to the Sentencing Guidelines. Counsel for the Government summarized that the instant agreement was more favorable than the prior agreement offered to Defendant. Counsel for Defendant stated that the Government's representations were correct and that she had discussed both agreements with Defendant. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written plea agreement filed and found the requirements of <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012), to be satisfied.

The Court then inquired whether Defendant was a citizen of the United States. Defendant responded that she was a citizen. The undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear and accept the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Connie S. Cole, after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness

of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment. Defendant and her counsel then verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. The undersigned Magistrate Judge then received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned then reviewed with Defendant the Information, including the elements the United States would have to prove at trial, charging her with aiding and assisting in the preparation of fraudulent tax returns, in violation of 26 U.S.C. § 7206(2). The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than three (3) years; a fine of not more than $100,000.00, or both imprisonment and a fine; and a term of supervised release of not more than one (1) year. Defendant further understood the Court would impose a special assessment of $100.00 for the felony conviction payable before the date of sentencing and understood that the Court may require her to pay the costs of her incarceration and supervised release.

The Court then inquired of Defendant regarding her understanding of her conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct. Now, do you understand that you have the right to appeal a felony conviction and the sentence from a felony conviction to the Fourth Circuit Court of Appeals provided that you give 14 days

of notice–in other words, notice within 14 days of sentencing?

Def. Yes.

Ct. Under your plea agreement, you give up your right to appeal your conviction and your sentence to the Fourth Circuit if your actual sentence is within or lower than the Sentencing Guidelines range calculated by the Court. Is that correct?

Def. Yes.

Ct. Did you intend to give up your right of direct appeal under that provision in paragraph 15(a)?

Def. Yes.

Ct. Did you understand it when you signed the agreement?

Def. Yes, I did.

Ct. Has anything changed about that provision since you signed it and today?

Def. No.

Ct. Now, you also may file what is called a habeas corpus-type motion or motion collaterally attacking the sentence and how it's being carried out by filing a motion under 28 U.S.C. § 2255. Now, that doesn't mean a whole lot to you, but it's in your agreement. But, there's also 28 U.S.C. § 2241, and there's a whole host of them. The bottom line is that everyone calls it habeas or habeas corpus. Under this agreement, you give up your right to file a writ of habeas corpus presumably based upon any sentence that is within or lower than the Sentencing Guidelines range calculated by the District Judge. Is that correct?

Def. Yes.

Ct. And you intended to give up your habeas corpus right?

Def. Yes.

Ct.        In accord with paragraph 15(b), is that correct?

Def.      Yes.

Ct.        Do you understand the only thing you're reserving to yourself is the right to file a writ of habeas corpus asserting there's been ineffective assistance of counsel or prosecutorial misconduct that you've discovered after today?

Def.      Yes.

Ct.        You don't know of any such prosecutorial misconduct as you sit here today, do you?

Def.      No.

Ct.        Do you know of any such ineffective assistance of counsel as you sit here today?

Def.      No.

Upon consideration of all which, the Court finds Defendant understood her appellate rights and knowingly and voluntarily waived those rights pursuant to the condition in the plea agreement.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement. The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant. The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's

entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the Information and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant further stated her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although she may be

6

able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court heard the testimony of Special Agent Don Boykin of the Internal Revenue Service's Criminal Investigation Division. SA Boykin testified that Defendant was a tax preparer in Bruceton Mills, West Virginia, within the Northern District of West Virginia. Upon beginning an investigation into Defendant, SA Boykin learned that Defendant was preparing fraudulent tax returns for individuals in the community in which she would understate their income and inflate their business expenses. SA Boykin reviewed the actual returns prepared by Defendant as well as expense sheets prepared by either the individual taxpayers or a bookkeeper in the area. Furthermore, SA Boykin seized records pursuant to a search of Defendant's business. Those records corroborated his initial findings regarding Defendant's activity. As to the count of the Information, on March 5, 2013, Defendant prepared a Form 1040 for an individual by the initials of W.J. In that Form 1040, Defendant fraudulently stated W.J.'s business expenses to be $35,853, when W.J.'s business expenses were actually approximately $3,682. SA Boykin learned of the discrepancy by interviewing W.J. and reviewing business records.

Defendant stated she heard, understood, and agreed with Special Agent Boykin's testimony. From said testimony, the undersigned Magistrate Judge concludes the offense charged in the Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Defendant, Connie S. Cole, with the consent of her counsel, Andrew Fusco, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the

7

undersigned United States Magistrate Judge hearing her plea; Defendant understood her right to have her charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to the Information; and Defendant's plea is independently supported by Special Agent Boykin's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release to be entered in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 29th day of January, 2015.

/s John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE