IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  v.                                  CRIMINAL NO. 1:14CR92
                                                       (Judge Keeley)

**CONNIE S. COLE,**

    **Defendant.**

### ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING

On January 26, 2015, defendant, Connie S. Cole ("Cole"), appeared before United States Magistrate Judge John S. Kaull and moved for permission to enter a plea of GUILTY to the one count Information. Cole stated that she understood that the magistrate judge is not a United States District Judge, and consented to pleading before the magistrate judge. This Court had referred the guilty plea to the magistrate judge for the purposes of administering the allocution pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

At the outset of the hearing, the Court accepted Cole's waiver of indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure. Since the offense charged in the Information naming Cole is punishable by a term of imprisonment of greater than

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING**

one year, the Court questioned her to determine if her waiver of prosecution by indictment was being freely given in a sober and knowledgeable fashion.

The Court then advised Cole of the nature of the charge in the Information, and confirmed that she had read and reviewed it with counsel.

Next, the Court explained Cole's constitutional right to proceed by a grand jury indictment, and that the United States is able to charge her by Information only if she waives this right. The Court explained the Grand Jury process to Cole, following which she confirmed her understanding of this right, and that, by waiving it, the United States could proceed to charge her with the Information as though she had been indicted. Cole then signed a Waiver of Indictment in open court, which the Court ordered to be filed.

Based upon Cole's statements during the plea hearing and the testimony of Special Agent Don Boykin, the magistrate judge found that Cole was competent to enter a plea, that the plea was freely and voluntarily given, that she was aware of the nature of the charge against her and the consequences of her plea, and that a factual basis existed for the tendered plea. On January 29, 2015,

**USA v. CONNIE S. COLE**                                        **1:14CR92**

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING

the magistrate judge entered an Opinion/Report and Recommendation Concerning Plea of Guilty in Felony Case ("R&R") (dkt. no. 12) finding a factual basis for the plea and recommended that this Court accept Cole's plea of guilty to the one count Information.

The magistrate judge also directed the parties to file any written objections to the R&R within fourteen (14) days after service of the R&R. The magistrate judge further directed that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court based on the R&R. Following this, the parties did not file any objections.

Accordingly, this Court **ADOPTS** the magistrate judge's R&R, **ACCEPTS** Cole's guilty plea, and **ADJUGES** her **GUILTY** of the crime charged in the one count Information.

Pursuant to Fed. R. Crim. P. 11(e)(2) and U.S.S.G. § 6B1.1(c), the Court **DEFERS** acceptance of the proposed plea agreement until it has received and reviewed the presentence report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., the Court **ORDERS** as follows:

USA v. CONNIE S. COLE                                          1:14CR92

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING

1. The Probation Officer undertake a presentence investigation of **CONNIE S. COLE,** and prepare a presentence report for the Court;

2. The Government and Cole are to provide their versions of the offense to the probation officer by **February 26, 2015**;

3. The presentence report is to be disclosed to Cole, defense counsel, and the United States on or before **April 13, 2015**; however, the Probation Officer is not to disclose the sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4. Counsel may file written objections to the presentence report on or before **April 27, 2015;**

5. The Office of Probation shall submit the presentence report with addendum to the Court on or before **May 11, 2015**; and

6. Counsel may file any written sentencing statements and motions for departure from the Sentencing Guidelines, including the factual basis from the statements or motions, on or before **May 25, 2015.**

The magistrate judge continued Cole on bond pursuant to the Order Setting Conditions of Release (dkt. no. 11) entered on January 26, 2015.

**USA v. CONNIE S. COLE**                                                    **1:14CR92**

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE AND SCHEDULING SENTENCING HEARING**

The Court will conduct the sentencing hearing for the defendant on **Wednesday, June 3, 2015** at **11:30 A.M.** at the **Clarksburg, West Virginia** point of holding court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record, the defendant and all appropriate agencies.

DATED: February 13, 2015

                                           /s/ Irene M. Keeley
                                           IRENE M. KEELEY
                                           UNITED STATES DISTRICT JUDGE